[Cite as *State v. Williamson*, 2016-Ohio-690.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102555**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAURICE WILLIAMSON

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-578649-A

**BEFORE:**   Jones, A.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   February 25, 2016

**ATTORNEY FOR APPELLANT**

Paul A. Daher
Paul A. Daher & Associates
700 W. St. Clair Avenue, Suite 218
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Shannon M. Musson
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1} Defendant-appellant, Maurice Williamson, appeals his convictions after entering a guilty plea. We affirm Williamson's convictions but remand the case for a nunc pro tunc sentencing entry.

{¶2} In 2013, Williamson was charged with attempted murder, two counts of felonious assault, domestic violence, improperly discharging a firearm at or into a habitation, having weapons while under disability, and criminal damaging. The felony charges carried one- and three-year firearm and repeat violent offender specifications and notices of prior conviction.

{¶3} Williamson entered into a plea deal with the state, in which he agreed to plead guilty to felonious assault with three-year firearm and repeat violent offender specifications and notice of prior conviction, domestic violence, improperly discharging a firearm at or into a habitation with a repeat violent offender specification and notice of prior conviction, and having weapons while under disability.

{¶4} In January 2014, the trial court sentenced Williamson to eight years for felonious assault plus three years for the firearm specification, consecutive to eight years for the improperly discharging a firearm at or into a habitation conviction. The court also sentenced him concurrently to six months for domestic violence and 36 months for having weapons while under disability, for a total sentence of 19 years in prison.

{¶5} This court granted Williamson a delayed appeal and Williamson raises two

assignments of error for our review:

> I.    The trial court erred when it did not merge his felonious assault conviction with his improper discharge of a firearm conviction.
>
> II.    The trial court erred when it sentenced him to consecutive terms because the trial court did not make the required findings in the sentencing entry.

{¶6} In the first assignment of error, Williamson argues that the trial court committed plain error when it failed to merge his felonious assault and improper discharge convictions.

{¶7} Under Ohio law, "[w]here the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."   R.C. 2941.25(A).   However, where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his or her "conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."   R.C. 2941.25(B).

{¶8} In *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21, the Ohio Supreme Court found that an appellant forfeits his or her allied offenses claim for appellate review by failing to seek the merger of his or her convictions as allied offenses of similar import in the trial court.   An accused's failure to raise the issue of

allied offenses of similar import in the trial court forfeits all but plain error, which is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. *Id.* at the syllabus. Moreover, unless an accused shows a reasonable probability that his or her convictions are allied offenses of similar import committed with the same conduct and without a separate animus, he or she cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error. *Id.*

{¶9} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court recently clarified the test a trial court and a reviewing court must employ in determining whether offenses are allied offenses that merge into a single conviction, concluding that "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23. Thus,

> [i]f any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.

*Id.* at ¶ 25.   The court also concluded that "a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.* at ¶ 26.

{¶10} This court has previously held it is possible to commit felonious assault by means of a deadly weapon and discharge of a firearm on or near prohibited premises by the same conduct.   *State v. Robinson*, 8th Dist. Cuyahoga No. 99290, 2013-Ohio-4375, ¶ 113; *State v. Melton*, 2013-Ohio-257, 984 N.E.2d 1112, ¶ 54 (8th Dist.).   But, in *Robinson* and *Melton*, decided before *Ruff*, this court only considered the conduct and the animus of the defendant.   Pursuant to *Ruff*, a trial court and a reviewing court must ask: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? or (3) Were they committed with separate animus or motivation? *Id.* at ¶ 31. The conduct, animus, and import must all be considered and an affirmative answer to any of the above inquiries will permit separate convictions.   *Id.*

{¶11} Thus, by failing to seek the merger of his convictions as allied offenses of similar import in the trial court, Williamson has forfeited his allied offenses claim for appellate review.   *Rogers* at ¶ 21.   In order to show plain error, Williamson must demonstrate a reasonable probability that he has been convicted of allied offenses of similar import committed with the same conduct and with the same animus and the error resulted in prejudice, i.e., affected the outcome of the proceeding.   To do so, this court

must determine whether there is sufficient information in the record before us to decide whether (1) the offenses were dissimilar in import or significance (2) the offenses were committed separately or (3) the offenses were committed with separate animus or motivation. We find the record on review insufficient to conduct a plain error analysis.

{¶12} The only record of facts underlying Williamson's convictions is the presentence investigation report. During the plea and sentencing hearing, there was no discussion of the facts other than defense counsel's statement that Williamson was intoxicated during the event, the prosecutor's description of the victim's injuries, and Williamson's statements of remorse.

{¶13} The presentence investigation report states, in part:

The defendant is the father of [the victim's] child. The defendant proceeded to walk behind a vacant house next door to 11616 Durant. A short time later, the defendant walked back in front of the house with a gun in his hand. He pointed the gun at [the victim] and shot her one time in the back of the upper right thigh. The defendant fled on foot and was taken into custody a short time later.

{¶14} The improper discharge offense is listed, but not discussed in the report. Therefore, this court is left with little to no knowledge of the facts surrounding the conviction.

{¶15} Pursuant to *Rogers*, it is Williamson's burden to demonstrate a reasonable

probability that the convictions were for allied offenses of similar import committed with the same conduct and without a separate animus. On this record, we find that Williamson has failed to demonstrate any probability that he was convicted of allied offenses of similar import committed with the same conduct and with the same animus.

{¶16} Thus, in light of the above, we cannot say that the trial court committed plain error when it failed to merge the two offenses.

{¶17} Within this assignment of error, Williamson also contends that he received ineffective assistance of counsel because his attorney did not ask for an allied offenses review.

{¶18} To support a claim for ineffective assistance of counsel, Williamson must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, he must show counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that the result of the proceedings would have been different, but for counsel's error. *Id.* at 687-688, 694.

{¶19} Based on our analysis of the first assignment of error, we find Williamson has failed to meet his burden to demonstrate he received ineffective assistance of counsel. We cannot say that trial counsel's performance fell below an objective standard of reasonableness in failing to move the trial court to merge his sentences. And Williamson cannot show there is a reasonable probability that, but for his trial counsel's

errors, the result of the proceedings would have been different.

**{¶20}** In light of the above, the first assignment of error is overruled.

**{¶21}** In the second assignment of error, Williamson claims that the trial court erred when it failed to incorporate its findings for imposing consecutive sentences into its sentencing entry. Williamson is correct; the trial court did not incorporate its findings into the sentence judgment entry, as required under *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. Thus, under *Bonnell*, we remand the case to the trial court so that it can issue a nunc pro tunc entry incorporating its findings into its sentencing judgment entry. *Id.*

**{¶22}** The second assignment of error is sustained.

**{¶23}** Judgment affirmed; case remanded for the trial court to put forth a nunc pro tunc sentencing entry with its consecutive sentence findings.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
PATRICIA ANN BLACKMON, J., CONCUR