[Cite as *State v. Pierce*, 2019-Ohio-3762.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107752 |
| v. | : | |
| SHAVONE PIERCE, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 19, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-622179-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christopher D. Schroeder, Assistant Prosecuting Attorney, *for appellee.*

Ruth R. Fischbein-Cohen, *for appellant.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Shavone Pierce ("Pierce") appeals her conviction and sentence following her guilty plea. For the reasons that follow, we affirm.

## I.   Statement of the Facts

{¶ 2}   On November 3, 2017, Pierce was indicted for receiving stolen property, a fourth-degree felony in violation of R.C. 2913.51(A).   Pierce was appointed defense counsel who represented her throughout the entirety of her case. On May 31, 2018, Pierce entered a plea agreement and pleaded guilty to an amended Count 1, attempted receiving stolen property, in violation of R.C. 2923.02/2913.51, a fifth-degree felony, and possible restitution to the victims.

{¶ 3}   On June 13, 2018, Pierce filed two pro se motions — a motion to change plea and a motion for change of attorney.  The trial court did not rule on these motions prior to Pierce's sentencing hearing that was held on August 8, 2018.

{¶ 4}   At the sentencing hearing, Pierce was ordered to serve 12 months at the Ohio Reformatory for Women and to pay $6,905 in restitution to the victims. Pierce filed this timely appeal and presents the following assignments of error:

> Assignment of Error I:  It was error to deny appellant to withdraw her unintelligent, unknowing, and involuntarily [sic] plea.
>
> Assignment of Error II:  Shavonne [sic] Pierce was deprived of effective assistance of counsel as guaranteed by the United States Constitution.
>
> Assignment of Error III:  The trial court erred to Shavonne [sic] Pierce's detriment when in the sentencing findings, it did not include factors under R.C. 2929.12, which were supported by the record, [and] thereby the sentence was rendered contrary to law.[1]

---

[1] On June 26, 2019, the state filed with this court a suggestion of mootness as to Pierce's third assignment of error.  This court treated that notice as a motion to suggest mootness and granted the motion.  Accordingly, we will not address Pierce's third assignment of error because it was found to be moot for purposes of this appeal.

> **Assignment of Error IV**: The evidence presented as restitution owed lacked sufficiency.

{¶ 5} For the reasons that follow, we affirm.

## II. Law and Analysis

### A. Guilty Plea

{¶ 6} In her first assignment of error, Pierce argues that the trial court erred because it (1) denied her motion to withdraw her guilty plea, and (2) found her guilty plea was entered knowingly, intelligently, and voluntarily. We disagree and find the court was not in error when it denied Pierce's motion to withdraw her guilty plea, and Pierce's guilty plea was knowingly, intelligently, and voluntarily entered in compliance with Crim.R. 11(C).

**Pro Se Motion**

{¶ 7} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, the courts have not granted defendants an absolute right to withdraw a plea prior to sentencing. *Id.* Before ruling on a motion to withdraw a plea, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus. The trial court's ruling must be affirmed on appeal unless the court demonstrated an abuse of discretion. *Id.* at 527.

{¶ 8} Here, Pierce filed a pro se motion to withdraw her guilty plea at the same time she was represented by counsel.[2] Had Pierce's appointed counsel filed the presentence motion to withdraw, or joined Pierce's pro se motion, the trial court would have been required to hold a hearing on that issue. *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 17, citing *State v. Wittine*, 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745.

{¶ 9} A defendant has a right to counsel, or a right to represent himself pro se, but a defendant does not have the right to both counsel and pro se representation simultaneously, which is referenced as hybrid representation. *Mongo* at ¶ 13. When a defendant is represented by counsel, a trial court cannot consider a defendant's pro se motion. *Id.* at ¶ 14. Such an act by the court supports hybrid representation in violation of the established law. *Id.*

---

[2] Pierce also filed a pro se motion for change of attorney on June 13, 2018, the same date she filed a pro se motion to withdraw her guilty plea. Pierce's motion for change of attorney was denied as moot on August 14, 2018. In her appellate brief, Pierce makes this reference to the motion for change of attorney — "[Shavone Pierce] incorporates herein her motion made to the trial court, to change her attorney, filed on June 13, 2018." App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Pierce does not argue in her appellate brief that the trial court erred when it denied her motion for change of attorney. Pierce provides neither a legal argument on this issue, nor case law or statutory authority to support a claim that the motion for change of attorney was erroneously denied. It is not this court's duty to obtain, on its own, support for an appellant's proposed argument. *Citta-Pietrolungo v. Pietrolungo*, 8th Dist. Cuyahoga No. 85536, 2005-Ohio-4814, ¶ 35. Because Pierce has failed to present an argument on appeal, including citation to authority, regarding her motion for change of attorney, we will disregard this issue. App.R. 12(A)(2).

{¶ 10} Pierce filed, pro se, her motion to withdraw her guilty plea on June 13, 2018.  Pierce was represented at that time by her appointed counsel and she continued to be represented by that counsel through the sentencing hearing.  Nothing in the record indicates Pierce's counsel joined the pro se motion to withdraw the guilty plea.

{¶ 11} Where Pierce filed a pro se motion and continued to be represented by her appointed counsel, recognition of the motion would have constituted hybrid representation that is prohibited by law.  The trial court did not err by denying Pierce's pro se motion to withdraw her guilty plea.

**Mental Illness**

{¶ 12} Pierce claims her guilty plea was not valid because her mental illness prevented her from entering an intelligent and knowing plea.  Specifically, Pierce declared she did not comprehend any aspect of the plea hearing or even remember the hearing.  The record does not support Pierce's arguments.

{¶ 13} The purpose of Crim.R. 11(C) is to provide a defendant with relevant information so that he or she can make a voluntary and intelligent decision whether to plead guilty.  *State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981).  Before accepting a guilty plea in a felony case, a court must comply with Crim.R. 11(C) and "conduct an oral dialogue with the defendant to determine that the plea is voluntary and the defendant understands the nature of the charges and the maximum penalty involved, and to personally inform the defendant of the

constitutional guarantees he is waiving by entering a guilty plea." *State v. Martin*, 8th Dist. Cuyahoga Nos. 92600 and 92601, 2010-Ohio-244, ¶ 5.

{¶ 14} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. With respect to the nonconstitutional requirements set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *State v. Hill*, 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, ¶ 8. "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 15} "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). The appellate court must review the totality of the circumstances and determine whether the plea hearing complied with Crim.R. 11(C). *State v. Hudson-Bey*, 8th Dist. Cuyahoga No. 104245, 2016-Ohio-7722, ¶ 7.

{¶ 16} The trial court satisfied the rigors of Crim.R. 11(C) when it accepted Pierce's guilty plea. The record shows that the trial court outlined the constitutional and nonconstitutional rights Pierce would waive upon entering a guilty plea. The trial court engaged in dialogue with Pierce regarding the defendant's unrelated prior

charges in Lake County and the state of Georgia. Pierce's comments demonstrated her understanding that a guilty plea in the case sub judice may result in additional punishment under the Georgia case:

> THE COURT: Now you've pled to it. Do you understand pleading guilty in this case, the Georgia court can punish you because you pled guilty in this case because you committed a crime while you were on probation? Do you understand that?
>
> THE DEFENDANT: Completely understand that, sir.
>
> THE COURT: Okay. So, does that change your plea? Does that change your mind about entering a plea in this case? Because now you know that you could also be punished with incarceration in Georgia because you pled guilty here. Does that change your willingness to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Okay. So if you told me about the probation in Georgia, I would have asked those questions before you entered the plea.
>
> THE DEFENDANT: I apologize.
>
> THE COURT: I just want you to know there could be consequences in Georgia because of your plea here. You understand that, right?
>
> THE DEFENDANT: Yes.

(Tr. 15, 13-25; tr. 16, 1-13.)

{¶ 17} Further, at the start of the plea hearing, the trial court instructed Pierce to interrupt the hearing should she not understand any aspect of the proceedings. (Tr. 6.) At no time during the plea hearing did Pierce indicate she was confused by the court's conduct or statements.

{¶ 18} Pierce did not question the validity of her guilty plea until after the court pronounced her sentence and began discussing restitution to the victims. At

that time, Pierce stated she was not on her mental health medications at the time of the plea hearing and she did not understand or even remember the plea hearing. (Tr. 42-43.) Yet, the record shows Pierce took her mental health medications since the start of her incarceration, including the time of the plea hearing. (Tr. 22.) Pierce's actions and statements at the plea hearing also demonstrated her understanding of both the proceedings and the consequences of entering a guilty plea.

{¶ 19} Pierce could have personally initiated a discussion about her outstanding pro se motions during the sentencing hearing, but she did not. Pierce argues that she thought the purpose of the sentencing hearing was to address her pro se motions or mitigation and she was waiting for the judge to address these topics. The record does not support this position. At the outset of the hearing, the trial judge stated the purpose of the hearing was to discuss sentencing and he spoke exclusively about sentencing throughout the hearing.

{¶ 20} The trial judge strictly complied with Crim.R. 11(C)'s requirements regarding constitutional rights. In respect to the defendant's nonconstitutional rights, a review of the record shows Pierce subjectively understood the implications of her plea and the rights she was waiving. As such, the trial court found Pierce's reference to her mental health and her statements that she did not understand or remember the plea hearing unfounded and simply a reflection that she had a change of heart after entering her guilty plea. A defendant cannot change her plea because

of a change of heart.  *Wittine*, 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745, at ¶ 14, citing *State v. Salter*, 8th Dist. Cuyahoga No. 82488, 2003-Ohio-5652, ¶ 29.

{¶ 21} Where Pierce entered a guilty plea voluntarily and understood the charges brought against her and the maximum penalty involved, the rights she would waive upon entering a guilty plea, and the consequences related to that waiver, the trial court obtained a knowingly, intelligently, and voluntarily provided guilty plea.

{¶ 22} The trial court did not err in denying the defendant's pro se motion to withdraw her guilty plea and accepting Pierce's valid plea.  For the foregoing reasons, we find Pierce's first assignment of error lacks merit.

## B. Ineffective Assistance of Counsel

{¶ 23} In her second assignment of error, Pierce argues that her attorney was ineffective because (1) counsel did not file a motion to withdraw Pierce's guilty plea, (2) counsel's comments during the sentencing hearing belittled Pierce and negatively influenced the trial court's opinion of Pierce, (3) counsel "pushed" Pierce to enter a guilty plea without providing evidence linking her to the alleged theft, and (4) counsel failed to file a motion of indigency.  We find Pierce's second assignment of error is without merit.

{¶ 24} The Ohio Supreme Court has provided this standard for reviewing claims of ineffective assistance of counsel:

> "Reversal of convictions for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so

as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984)."

*State v. Linder*, 8th Dist. Cuyahoga No. 106600, 2018-Ohio-3951, ¶ 35, quoting *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, 767 N.E.2d 678, ¶ 109. To establish deficient performance, "a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation." (Citations omitted.) *State v. Bell*, 8th Dist. Cuyahoga No. 105000, 2017-Ohio-7168, ¶ 23. Further, prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

{¶ 25} There was no merit to Pierce's pro se motion to withdraw her guilty plea because the defendant's plea was entered knowingly, intelligently, and voluntarily. Likewise, the same motion filed by Pierce's attorney would have also failed. Pierce's argument that trial counsel was ineffective because he failed to file a motion of indigency is baseless because the trial court declared Pierce indigent. (Tr. 48.) We note a finding of indigency did not preclude the trial court from ordering Pierce to pay court costs and restitution. *State v. Hicks*, 8th Dist. Cuyahoga No. 105083, 2017-Ohio-8312, ¶ 19; *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 76 (8th Dist.). Pierce's claimed failure on the part of defense counsel to provide Pierce with the police report or to pursue suggested investigative leads was not prejudicial to Pierce. Moreover, a review of the record indicates Pierce's arguments about the impact of her counsel's derogatory comments are unfounded.

{¶ 26} A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong. *State v. Mays*, 8th Dist. Cuyahoga No. 103785, 2016-Ohio-7481, ¶ 11. Because Pierce cannot satisfy the second prong of the *Strickland* test — to show that absent defense counsel's alleged errors, the trial would have had a different result — we do not need to address the first *Strickland* prong. Pierce's second assignment of error lacks merit, and thus, is overruled.

**Restitution**

{¶ 27} Pierce argues in her fourth assignment of error that there was insufficient evidence to support the court ordered restitution in the amount of $6,905. Specifically, Pierce contends the victims' initially declared losses of $4,000 are the maximum amount of restitution the defendant should be obligated to pay.

{¶ 28} Generally, an order of restitution is reviewed for an abuse of discretion. *State v. Santorella*, 8th Dist. Cuyahoga No. 105475, 2018-Ohio-274, ¶ 27. Where an appellant fails to object to the order of restitution or the amount of restitution, the appellant waives all but plain error. *State v. McLaurin*, 8th Dist. Cuyahoga No. 103068, 2016-Ohio-933, ¶ 10. Under Crim.R. 52(B), plain error affecting substantial rights may be noticed even though it was not brought to the court's attention. *Id.* at ¶ 11. "[A]ppellate courts are to notice plain error only in 'exceptional circumstances' in order to prevent 'a manifest miscarriage of justice.'" *State v. Keslar*, 8th Dist. Cuyahoga No. 107088, 2019-Ohio-540, ¶ 21, quoting *State v. Long*, 53 Ohio St.2d 91, 95, 372 N.E.2d 804 (1978).

{¶ 29} Payment of restitution is governed by R.C. 2929.18 which reads, in pertinent part:

> (A)(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

Prior to ordering restitution, a trial court must determine the amount of restitution is reasonably related to the loss suffered. *State v. Miller*, 2017-Ohio-961, 86 N.E.3d 695, ¶ 10 (8th Dist.). Additionally, the court must ensure the amount is supported by competent and credible evidence. *State v. St. Martin*, 8th Dist. Cuyahoga No. 96834, 2012-Ohio-1633, ¶ 6.

{¶ 30} As part of her plea agreement, Pierce agreed to pay restitution to the victims. The amount of restitution was to be determined at the sentencing hearing. (Tr. 4.) During the sentencing hearing, the prosecutor requested restitution in the amount of $6,985. (Tr. 28.) This amount included a saw and drill valued at $4,000 that were identified in the police report. (Tr. 28.) The victims subsequently notified the probation department of additional losses totaling $2,985 and provided receipts in support of those losses. According to R.C. 2929.18, restitution may be based on amounts recommended by the victims. *State v. Woodard*, 8th Dist. Cuyahoga No. 106300, 2018-Ohio-2402, ¶ 55.

{¶ 31} The trial court eliminated a claim for $80 that represented an increase in the victims' insurance premiums and ordered Pierce to pay restitution in the amount of $6,905 — $4,000 for the saw and drill, and $2,950 for the additional losses suffered by the victims.

{¶ 32} While defense counsel discussed the amount of restitution during the sentencing hearing, he did not object to the award and we find the trial court did not commit plain error when it ordered restitution in the amount of $6,905. Even assuming counsel's comments were equivalent to an objection, we find the trial court did not abuse its discretion where the restitution order was based upon amounts recommended by the victims and was in compliance with R.C. 2929.18.

{¶ 33} The record reflects that the state presented competent and credible evidence from which the court could determine the amount of restitution to a reasonable degree of certainty. We find Pierce's fourth assignment of error is overruled.

{¶ 34} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

MARY EILEEN KILBANE, A.J., and
ANITA LASTER MAYS, J., CONCUR