[Cite as *State v. Perry*, 2023-Ohio-3981.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                     :

    Plaintiff-Appellee,       :

                           No. 112627

    v.                          :

ROBERT PERRY,                      :

    Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 2, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660849-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Omar Siddiq, Assistant Prosecuting Attorney, *for appellee*.

Robert Perry, *pro se*.

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Robert Perry ("Perry") appeals, pro se, his sentencing. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On July 1, 2021, in Cuyahoga C.P. No. CR-21-660849, a Cuyahoga County Grand Jury indicted Perry on one count of drug possession in violation of R.C. 2925.11(A), a felony of the fifth degree. The charges arose from an incident on February 20, 2021, when Perry was arrested for possession of cocaine. On September 29, 2021, the trial court issued a capias for Perry. On May 18, 2022, the trial court recalled the capias, declared Perry indigent, and appointed counsel, and Perry pleaded not guilty to the indictment.

{¶ 3} On February 22, 2023, the trial court conducted a plea hearing. At the hearing, Perry withdrew his former plea of not guilty and pleaded guilty to drug possession in violation of R.C. 2925.11(A), a felony of the fifth degree. The trial court referred Perry for a presentence investigation and report as well as a substance abuse assessment. The trial court advised Perry of the imposition of postrelease control.

{¶ 4} On March 22, 2023, the trial court sentenced Perry, and on March 22, 2023, the trial court issued a sentencing judgment entry that states in relevant part:

> Defendant in court. Counsel Allison Hibbard present. Court reporter present. On a former day of court the defendant plead[ed] guilty to drug possession 2925.11(A), a [felony of the fifth degree] as charged in the indictment. Defendant addresses the court. The court considered all required factors of the law. The court finds that a community control sanction will adequately protect the public and will not demean the seriousness of the offense. It is therefore ordered that the defendant is sentenced to two years of community control on each count, under the supervision of the adult probation department with the following conditions: (1) defendant to abide by all rules and regulations of the probation department (2) defendant to be supervised

by: Group D (3) report weekly for three months and every two weeks thereafter or as directed by [probation officer] (4) attend programming as indicated in case plan (5) defendant is ordered to pay a monthly supervision fee of $20.00 (6) defendant is eligible for early termination request when all conditions have been met (7) random drug testing (8) conditions and terms of probation are subject to modification by the probation officer and approval of the court. Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 12 months as approved by law. Follow TASC recommendations. Out-patient treatment. No CCWS[1] in lieu of fees. The court hereby enters judgment against the defendant in an amount equal to the costs of his prosecution. All motions not specifically ruled on prior to the filing of this judgment entry are denied as moot. The court elects to not suspend defendant's driving privileges. Clerk to collect supervision fees and costs.

Sentencing judgment entry, March 22, 2023. On March 23, 2023, the trial court assessed Perry with court costs in the amount of $637.61.

{¶ 5} On April 18, 2023, appellant, pro se, filed a timely appeal, presenting these assignments of error for our review:

Assignment of Error 1: Whether counsel was ineffective for failing to move for the waiver of court costs and [s]upervision fees.

Assignment of Error 2: Whether the trial court erred in sentencing the defendant to a maximum sentence.

**Legal Analysis**

{¶ 6} In his first assignment of error, Perry argues that where the trial court declared him indigent, his trial counsel's failure to subsequently file a motion to waive Perry's payment of a monthly supervision fee and court costs amounted to ineffective assistance of counsel. We note that Perry is proceeding pro se.

---

[1] CCWS stands for community work service. *See State v. Gilbert*, 8th Dist. Cuyahoga No. 104355, 2016-Ohio-8308, ¶ 3, fn. 1.

"Generally, this court holds a pro se litigant to the same standard as all other litigants, and presumes the pro se litigant to have knowledge of the relevant law and applicable procedure." *State v. D.H.*, 8th Dist. Cuyahoga No. 105995, 2018-Ohio-1199, ¶ 5, citing *State v. Bolton*, 8th Dist. Cuyahoga No. 103628, 2016-Ohio-5706, ¶ 30.

{¶ 7} When an indigent defendant presents an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), to determine whether the defendant was subject to ineffective assistance of counsel. *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 1. The *Bradley* Court adopted the standard announced in *Strickland v. Washington*, 466 U.S. 668, 688-689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). According to *Bradley* and *Strickland*, to demonstrate ineffective assistance of counsel a defendant must prove:

> (1) that counsel's performance was deficient (i.e., counsel's performance fell below an objective standard of reasonableness), and

> (2) that he was prejudiced by counsel's deficient performance (there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different).

*Davis* at ¶ 10. A defendant must satisfy both prongs of the *Strickland* test. *State v. Thompson*, 8th Dist. Cuyahoga No. 99846, 2014-Ohio-1056, ¶ 28, citing *Strickland* at 687. "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *State v. Pierce*, 8th Dist. Cuyahoga No.

107752, 2019-Ohio-3762, ¶ 26, citing *State v. Mays*, 8th Dist. Cuyahoga No. 103785, 2016-Ohio-7481, ¶ 11.

{¶ 8} We will first analyze the second prong of the *Strickland* test — whether Perry established prejudice — which is dispositive of Perry's first assignment of error.

{¶ 9} Perry relies on *State v. Gibson*, 8th Dist. Cuyahoga No. 104363, 2017-Ohio-102, in support of his argument that a trial court's finding of indigency establishes a reasonable probability that the court would have waived costs had a timely motion been filed. However, the Ohio Supreme Court found "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so." *Davis* at ¶ 15. Instead, a reviewing court must look at the totality of the circumstances presented by the defendant and determine if there exists a reasonable probability that the trial court would have granted a motion to waive costs if such a motion had been made. *Davis* at ¶ 15.

{¶ 10} Here, the trial court found Perry indigent and provided court-appointed counsel. Perry's counsel did not file a motion to waive costs and, following sentencing, the trial court assessed Perry with court costs and a monthly supervision fee while Perry served his community-control sanctions. Perry's only basis for his claim that he was prejudiced is that because the trial court previously found him indigent, the trial court would have granted a motion for waiver of costs if such a motion was filed. However, "indigency for purposes of receiving appointed

legal counsel is not necessarily indigency for purposes of determining ability to pay a fine because the ability to pay a fine over a period of time is not equivalent to the ability to raise a retainer fee required by private counsel at the outset of criminal proceedings." *State v. Johnson*, 107 Ohio App.3d 723, 728, 669 N.E.2d 483 (8th Dist.1995).

{¶ 11} Perry has not pointed to anything in the record that shows a reasonable probability that the trial court would have granted a motion to waive costs. In contrast, the sentencing journal indicates that the trial court considered the imposition of fees and costs; did not waive fees in lieu of community-control sanctions; and viewed Perry's payment of fees and costs as part of his punishment: "No [community-control sanctions] in lieu of fees. The court hereby enters judgment against the defendant in an amount equal to the costs of his prosecution." Additionally, the record does not reflect any medical or health conditions that would render Perry incapable of obtaining gainful employment and, therefore, unable to pay supervision fees and court costs. *See State v. Johnson*, 8th Dist. Cuyahoga No. 109152, 2020-Ohio-4997, ¶ 40 (absent any evidence in the record that appellant had a physical, mental, or medical condition that would prevent his employment, there was no reason appellant could not pay court costs).

{¶ 12} Absent any evidence that the trial court would have waived payment of costs and fees if defense counsel filed such a motion, Perry has not shown prejudice. Perry failed to satisfy the second prong of *Strickland* and, accordingly, we find Perry's first assignment of error is without merit and is overruled.

{¶ 13} In his second assignment of error, Perry argues that the trial court erred when it imposed a one-year maximum sentence without making the requisite findings required by R.C. 2929.14(C) and 2929.19(B)(2)(d).

{¶ 14} Pursuant to R.C. 2929.15, the trial court sentenced Perry to community-control sanctions in lieu of a prison term. The trial court did not impose a prison term on Perry. The only prison term referenced in the sentencing judgment entry is if Perry violates his community-control sanctions: "Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 12 months as approved by law." Sentencing judgment entry, March 22, 2023. R.C. 2929.19(B)(4) requires the inclusion of such language to inform a defendant of the consequences should he violate community-control sanctions. R.C. 2929.14(C) and 2929.19(B)(2)(d) address prison terms, not a sentence of community-control sanctions, and are inapplicable to Perry's imposed sentence.

{¶ 15} Thus, Perry's second assignment of error is without merit and is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
MICHAEL JOHN RYAN, J., CONCUR